IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CADENCE BANK f/k/a BANCORPSOUTH BANK and CENTURY BANK, § § § § | | |
| Plaintiffs, § § | | |
| v. § § | Civil Action No._____ | |
| BRIDGELINK ENGINEERING, LLC, COLE WAYNE JOHNSON, CORD HENRY JOHNSON, BIGHORN CONSTRUCTION AND RECLAMATION, L.L.C., BIGHORN SAND & GRAVEL LLC, BIGHORN INVESTMENTS AND PROPERTIES, LLC § § § § § § § § § | | |
| Defendants. § | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Cadence Bank f/k/a BANCORPSOUTH BANK ("Cadence Bank") and Century Bank ("Century Bank," and with Cadence Bank the "Plaintiffs") hereby file this Original Complaint (the "Complaint") against Bridgelink Engineering, LLC (the "Borrower"), Cole Wayne Johnson, Cord Henry Johnson, Bighorn Construction and Reclamation, L.L.C., Bighorn Sand & Gravel, LLC, Bighorn Investments and Properties, LLC (collectively the "Guarantors," and with the Borrower, the "Defendants") and in support thereof respectfully represents as follows:

## PARTIES

1. Cadence Bank is a Mississippi state-chartered bank that maintains its principal place of business in Tupelo, Mississippi.

2. Century Bank is a New Mexico state-chartered bank that maintains its principal place of business in Santa Fe, New Mexico.

3. Defendant Bridgelink Engineering, LLC ("Bridgelink Engineering") is a Delaware limited liability company with its principal place of business located at 306 W. Wall St., Suite 500, Midland, Texas 79701. According to the records of the Texas Secretary of State, the members of Bridgelink Engineering are Cole Wayne Johnson and Cord Henry Johnson, both of whom are residents of Texas; accordingly, Bridgelink Engineering is a citizen of Texas for purpose of 28 U.S.C. § 1332. Bridgelink Engineering may be served with process through its registered agent, URS Agents, LLC, 3610-2 N. Josey Lane, Suite 223, Carrollton, TX 75007.

4. Defendant Bighorn Construction and Reclamation, LLC ("Bighorn Construction") is a Wyoming limited liability company with its principal place of business located at PO Box 1512, Douglas, WY 82633. According to the records of the Texas Secretary of State, the members of Bighorn Construction are Cole Wayne Johnson and Cord Henry Johnson, both of whom are residents of Texas; accordingly, Bighorn Construction is a citizen of Texas for purpose of 28 U.S.C. § 1332. Bighorn Construction may be served with process through its registered agent, URS Agents, LLC, 3610-2 N. Josey Lane, Suite 223, Carrollton, TX 75007.

5. Defendant Bighorn Sand & Gravel, LLC ("Bighorn Sand") is a Delaware limited liability company with its principal place of business located at 777 Main St., Suite 2800, Fort Worth, Texas 76102. According to the records of the Texas Secretary of State, the sole member of Bighorn Sand is Bighorn Construction. The members of Bighorn Construction are Cole Wayne Johnson and Cord Henry Johnson, both of whom are residents of Texas; accordingly, Bighorn Sand is a citizen of Texas for purpose of 28 U.S.C. § 1332. Bighorn Sand may be served with process through its registered agent, URS Agents, LLC, 3610-2 N. Josey Lane, Suite 223, Carrollton, TX 75007.

6. Defendant Bighorn Investments and Properties, LLC ("Bighorn Investments") is a Wyoming limited liability company with its principal place of business located at 306 W. Wall St., Suite 500, Midland, Texas 79701. According to the records of the Texas Secretary of State, the members of Bighorn Investments are Cole Wayne Johnson and Cord Henry Johnson both of whom are residents of Texas; accordingly, Bighorn Investments is a citizen of Texas for purpose of 28 U.S.C. § 1332. Bighorn Investments may be served with process through its registered agent, URS Agents, LLC, 3610-2 N. Josey Lane, Suite 223, Carrollton, TX 75007.

7. Defendant Cole Wayne Johnson is an individual adult resident of the State of Texas and may be served with process at 1301 Old Tin Top Rd., Weatherford, Texas 76087 or wherever else he may be found.

8. Defendant Cord Henry Johnson is an individual adult resident of the State of Texas and may be served with process at 680 McClendon Walker Rd., Aledo, Texas 76008 or wherever else he may be found.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the Complaint pursuant to 28 U.S.C. § 1332 because Plaintiffs and Defendants are citizens of different states and Plaintiffs' claims against Defendants exceed $75,000.00 exclusive of interest and costs.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

11. On August 6, 2021, Bridgelink Engineering as the borrower, and Cadence Bank and Century Bank, as lenders, entered into a Credit Agreement (the "Credit Agreement"). A true and correct copy of the Credit Agreement is attached hereto and incorporated herein as Exhibit "A".

12. Pursuant to the Credit Agreement, Bridgelink Engineering, as borrower, executed and delivered separate Revolving Loan Notes (the "Notes") to Cadence Bank and Century Bank dated August 6, 2021. The promissory note to Cadence Bank was in the original principal amount of $20,000,000.00 and the promissory note to Century Bank was in the original principal amount of $14,000,000.00. True and correct copies of the Notes are attached hereto and incorporated herein as Exhibits "B" and "C".

13. Pursuant to the Credit Agreement, Bridgelink Engineering was obligated to make quarterly interest payments on the Notes to Cadence Bank.

14. On August 6, 2021, Bighorn Construction, Bighorn Sand, and Bighorn Investments signed a Guaranty Agreement. On March 29, 2022, Cole Wayne Johnson and Cord Henry Johnson signed a Guaranty Agreement. Pursuant to the Guaranty Agreements, Bighorn Construction, Bighorn Sand, Bighorn Investments, Cole Wayne Johnson, and Cord Henry Johnson (the "Guarantors"), each absolutely, unconditionally, and irrevocably guaranteed payment for all indebtedness arising under the Notes. True and correct copies of the Guaranty Agreements are attached hereto as Exhibits "D" and "E".

15. Plaintiffs are each the owner and holder of the Notes issued by Bridgelink Engineering in its favor and the Guaranty Agreements.

16. The Notes are secured by a Pledge and Security Agreement dated August 6, 2021, signed by the Borrower, Bighorn Construction, Bighorn Sand, and Bighorn Investments pledging certain personal property more fully described therein. In addition, the Notes are secured by a Pledge Agreement and Irrevocable Proxy signed by Cole Wayne Johnson and Cord Henry Johnson. (the "Security Agreement"). A true and correct copy of the Security Agreement is attached hereto as Exhibits "F." Plaintiffs' lien in the collateral referenced in the Security Agreement was perfected

by the filing of UCC Financing Statements. True and correct copies of the UCC Financing Statements are attached hereto as Exhibits "G" through "L".

17. Bridgelink Engineering defaulted under the Notes by failing to tender the quarterly payment due on or before December 31, 2022. Bridgelink Engineering subsequently defaulted under the Notes by failing to tender the quarterly payment due on or before March 31, 2023.

18. These events constitute events of default under the Notes and Guaranty Agreements. Plaintiffs notified the Defendants that they were in default due to, among other things, the above-outlined failures and demanded payment by letters dated January 27, 2023, February 8, 2023, and March 2, 2023. True and correct copies of the demand letters are attached hereto as Exhibits "M," "N," and "O".

19. By virtue of the failure to cure their defaults on the Notes, the balance of the Notes have been accelerated. The total amount owed through June 9, 2023, is $36,227,232.67, and interest continues to accrue. As the date of the filing of this Complaint, the Notes remain unpaid.

## CAUSES OF ACTION

### Count One - Breach of Contract Against Bridgelink Engineering

20. The Notes are valid and enforceable contracts.

21. Plaintiffs each hold and own a promissory note from Bridgelink Engineering.

22. Bridgelink Engineering breached the Notes by, among other things, failing to make timely payments on December 31, 2022, and March 31, 2023, as required by the Notes.

23. Despite demand, Bridgelink Engineering has failed to cure its defaults under the Notes by paying the amounts owed to Plaintiffs thereunder.

24. Plaintiffs have performed all conditions precedent to the enforcement of the Notes, or they have been waived.

25. Bridgelink Engineering's breaches have caused Plaintiffs damages in an amount that exceeds the jurisdictional threshold of this Court.

### Count Two - Breach of Contract Against the Guarantors

26. The Guaranty Agreements are valid and enforceable contracts.

27. Plaintiffs each hold and own guaranty agreements signed by the Guarantors.

28. Despite Demand, the Guarantors have failed to cure Bridgelink's defaults under the Notes and Guarantees by paying the amounts owed to the Plaintiffs thereunder.

29. The Guarantors have breached their obligations under the Guaranty Agreements by failing to pay the amounts due under the Notes.

30. Plaintiffs have performed all conditions precedent to the enforcement of the Guarantees, or they have been waived.

31. The Guarantors' breaches have caused Plaintiffs damages in an amount that exceeds the jurisdictional threshold of this Court.

### Count Three – Attorneys' Fees Interest and Costs

32. Pursuant to the terms of the Notes, the Guaranty Agreements, and pursuant to Texas Civil Practices & Remedies Code § 38.001, Plaintiffs are entitled to recover their reasonable attorneys' fees incurred in prosecuting this action. Plaintiffs are also entitled to recover interest and costs of suit.

WHEREFORE, Plaintiffs respectfully request they be awarded a judgment against the Defendants, jointly and severally, for the sums requested herein, plus pre- and post-judgment interest as allowed by law, plus reasonable and necessary attorneys' fees incurred by Plaintiffs in pursuing their claims, as well as costs of court, the right to foreclose under the Security

Agreements, and for such other and further relief, both general and special, in law and in equity to which Plaintiffs may be justly entitled.

                                  Respectfully submitted,

                                  /s/Blake Rasner
Blake Rasner
Texas Bar No. 16555700
David Shaw
Texas Bar No. 24084641
Grant Jones
Texas Bar No. 24131891
Haley & Olson, P.C.
100 N. Ritchie Road, Suite 200
Waco, Texas 76712
Telephone:  (254) 776-3336
Email: brasner@haleyolson.com
        dshaw@haleyolson.com
        gjones@haleyolson.com

**Attorneys for Cadence Bank**

/s/ John C. Leininger
Kevin T. Schutte
Texas Bar No. 24033050
John C. Leininger
Texas Bar No. 24007544
Otteson Shaprio, LLCP
5420 LBJ Freeway, Suite 1225
Dallas, Texas 75240
Telephone: (214) 377-0146
Email: kschutte@os.law
        jcl@os.law

**Attorneys for Century Bank**