IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CADENCE BANK f/k/a BANCORPSOUTH BANK and CENTURY BANK, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No 4:23-CV-00609-P |
| BRIDGELINK ENGINEERING, LLC, COLE WAYNE JOHNSON, CORD HENRY JOHNSON, BIGHORN CONSTRUCTION AND RECLAMATION, L.L.C., BIGHORN SAND & GRAVEL LLC, BIGHORN INVESTMENTS AND PROPERTIES, LLC | § § § § § § § § | |
| Defendants. | § | |

## JOINT REPORT REGARDING SCHEDULING CONFERENCE

Cadence Bank ("Cadence"), Century Bank ("Century," and with Cadence, the "Plaintiffs") and Bridgelink Engineering, LLC ("Bridgelink"), Cole Wayne Johnson, Cord Henry Johnson, Bighorn Construction and Reclamation, L.L.C., Bighorn Sand & Gravel, LLC, and Bighorn Investments and Properties, LLC (collectively the "Guarantors," and with Bridgelink and the Plaintiffs, the "Parties") hereby submit their Joint Report Regarding Scheduling Conference pursuant to this Court's August 25, 2023 Order [Dkt. No. 14].

**(1) A statement detailing the date on which the Scheduling Conference was held, the location of the Scheduling Conference, the names of the attorneys present, a statement regarding whether meaningful progress towards settlement was made, and—without disclosing settlement figures—a statement regarding the prospect of settlement.**

The Scheduling Conference was held on August 31, 2023, at the offices of Otteson Shapiro LLP, 5420 LBJ Freeway, Suite 1225, Dallas, Texas 75240. Blake Rasner was present as attorney for Cadence, John Leininger was present as attorney for Century, and John Giardino was present

as attorney for the Defendants. The Parties discussed settlement prior to and during the Scheduling Conference. While no agreement has been reached, the Parties discussed the Defendants paying a lump sum to resolve the Plaintiffs' claims. The Parties anticipate these discussions to continue as discovery progresses.

**(2)	A brief statement of the claims and defenses.**

Plaintiffs loaned Bridgelink $34,000,000. The Guarantors each guaranteed payment Bridgelink's obligations to the Plaintiffs. Plaintiffs assert that Bridgelink defaulted on its obligations under the loan by failing to make the interest payments due at the end of the third quarter of 2022 and the first quarter of 2023. Plaintiffs assert that they made demand on Bridgelink and the Guarantors for payment of Bridgelink's obligations and no payments have been made. Plaintiffs are seeking payment for the amount due on the loan and reasonable attorneys' fees. Defendants assert that Plaintiffs breached the relevant credit agreements, Bridgelink has not defaulted on its obligations on the Loan, and that the Guarantors were released from their guarantees of Bridgelink's obligations.

**(3)	A proposed time limit to amend pleadings and join parties.**

The Parties propose a deadline of October 15, 2023, to amend pleadings and join parties.

**(4)	A proposed time limit to file various types of motions including dispositive motions.**

The Parties propose a deadline of February 28, 2024, as a deadline for dispositive motions and for other motions not otherwise addressed in this Report, other than pre-trial motions such as motions in limine.

**(5)	A proposed time limit for initial designation of experts and responsive designation of experts.**

The Parties propose a deadline of November 30, 2023, for a party to designate an expert on any issue regarding which it has the burden of proof. The parties propose a deadline of

December 31, 2023, as a deadline for a party to designate an expert in response to the designation of an expert by the opposing party.

**(6) A proposed time limit for objections to experts (i.e. *Daubert* and similar motions).**

The Parties propose a deadline of January 31, 2024, as a deadline for objections to experts, including *Daubert* and similar motions.

**(7) A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit for completing factual and expert discovery, and a statement of whether discovery should be conducted in phases.**

The Parties propose March 22, 2024, as the date for the close of discovery, both factual and expert. The Parties do not believe that discovery should be conducted in phases.

Plaintiffs believe that discovery is needed on Defendants' assertions that they are not in default of their obligations and with respect to the Guarantors assertion that they were released from their guarantees. Plaintiffs also believe discovery is necessary with respect to the collateral pledged as security for the loan.

Defendants believe discovery is needed with respect to loan underwriting, availability of credit facilities, participation agreements, communications between the participants, merger between Bancorp South and Cadence Bank, the decision not to make additional advances on credit facility, quarterly review of credit, collateral coverage reports, and release of personal guarantees.

**(8) A statement on whether any limitation on discovery need be imposed, and if so, the limitations.**

The Parties do not anticipate the need for the imposition of limitations on discovery at this time.

**(9) A statement on how to disclose and conduct discovery on electronically stored information ("ESI") and any statement on disputes regarding disclosure and/or discovery of ESI.**

The Parties anticipate that the ESI relevant to this dispute will involve primarily emails and computer files, which can be disclosed either in native format or in pdf format, as appropriate. The Parties do not anticipate that the disclosure of the relevant ESI will give rise to substantial disputes.

**(10)     Any proposals regarding handling and protection of privileged or trial-preparation material that should be reflected in a Court Order.**

N/A

**(11)     A proposed trial date, the estimated number of days for trial, and whether a jury has been demanded.**

The Parties propose April 22, 2024, as trial dates with an estimated five (5) days for trial.

The Parties have not demanded a jury trial.

**(12)     A proposed mediation deadline.**

The Parties propose a mediation deadline of February 28, 2024.

**(13)     A statement as to when and how disclosures under Fed. R. Civ. P. 26(1) were made or will be made.**

The Parties will make the disclosures under Fed. R. Civ. P. 26(1) on or before September 30, 2023.

**(14)     A statement as to whether the parties will consent to a trial (jury or bench) before United States Magistrate.**

The Parties consent to trial before a United States Magistrate Judge.

**(15)     Whether a conference with the Court is desired, and if so, a brief explanation of why.**

The Parties do not believe a conference with the Court is necessary at this time.

**(16)     Any other proposals on scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial, and any other orders that should be entered by the Court under Federal Rules of Civil Procedure 16(b), 16(c), and 26(c).**

N/A.

Dated: September 8, 2023.

/s/ Blake Rasner
Blake Rasner
Texas Bar No. 16555700
David Shaw
Texas Bar No. 24084641
Grant Jones
Texas Bar No. 24131891
Haley & Olson, P.C.
100 N. Ritchie Road, Suite 200
Waco, Texas 76712
Telephone: (254) 776-3336
Email: brasner@haleyolson.com
dshaw@haleyolson.com
gjones@haleyolson.com

**Attorneys for Cadence Bank**

/s/ Kevin T. Schutte
Kevin T. Schutte
Texas Bar No. 24033050
John C. Leininger
Texas Bar No. 24007544
Otteson Shaprio, LLCP
5420 LBJ Freeway, Suite 1225
Dallas, Texas 75240
Telephone: (214) 377-0146
Email: kschutte@os.law
jcl@os.law

**Attorneys for Century Bank**

By:   /s/John Giardino
John Giardino, Esq.
Pryor Cashman LLP
7 Times Square
New York, NY 10036
Tel: (212) 326-0829
Fax: (212) 326-0806
Jgiardino@pryorcashman.com

By: /s/Benjamin Pendroff
Benjamin Pendroff
Barned & Thornburg LLP
2121 North Pearl Street, Suite 700
Dallas, TX 75201
Tel: (214) 258-4128
Fax: (214) 258-4199
bpendroff@btlaw.com

*Attorneys for Defendants Bridgelink Engineering, LLC, Cole Wayne Johnson, Cord Henry Johnson, Bighorn Construction and Reclamation, L.L.C., Bighorn Sand & Gravel LLC, Bighorn Investments and Properties, LLC*