IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CADENCE BANK f/k/a/ BANCORPSOUTH BANK and CENTURY BANK, | § § § § | |
| V. | § § | CIVIL ACTION NO. 4:23-CV-609-BJ |
| BRIDGELINK ENGINEERING, LLC, et al. | § | |

## ORDER FOR REFERRAL OF MEDIATION

The parties to this cause have filed a joint status report indicating that they were amenable to being referred for mediation. It is, therefore, **ORDERED** that this cause should be and is hereby **REFERRED FOR MEDIATION** to be conducted at a mutually agreeable time and location during the month of **FEBRUARY 2024.**.

Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of a mediator. Mediation is private, confidential and privileged from discovery. After mediation, the Court will be advised by the mediator, parties, and counsel only that the case did or did not settle. The mediator shall not be a witness, nor shall the mediator's records be subpoenaed or used as evidence.

Fees for the mediation are to be divided and borne equally by the parties unless agreed otherwise, and shall be paid by the parties directly to the mediator, and shall be taxed as costs. Each party and its counsel shall be bound by the Rules for Mediation, attached as Exhibit A hereto, and shall complete such information forms as are furnished by the mediator.

Named parties shall be present during the entire mediation process, and each corporate party must be represented by an executive officer with authority to negotiate a settlement.

No subpoenas, summonses, citations, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving, or attending any mediation session.

It is **FURTHER ORDERED** that the parties shall agree on a mediation date and an impartial mediator no later than **December 1, 2023**, and shall notify the Court in writing as to the mediator's name, address, telephone number, email address, and facsimile number. If the parties are unable to agree on an impartial mediator, the Court will appoint one at either party's written request. If no agreed date can be scheduled, then no later than **January 2, 2024**, the mediator shall select a date, and all parties shall appear as directed by the mediator.

The parties shall notify the Court, in writing, regarding the outcome of mediation immediately upon conclusion of the mediation proceedings. If the parties' differences are resolved by mediation, an agreed motion to dismiss signed by counsel for all parties shall be filed no later than twenty days after the conclusion of the mediation proceedings.

Failure to comply timely with this order may result in appropriate sanctions, including entry of dismissal or default judgment without further notice.

SIGNED September 28, 2023.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## RULES FOR MEDIATION OR SETTLEMENT CONFERENCE

1.      **Definition of Settlement Conference.** Settlement conference or mediation is a process under which an impartial person, the mediator, facilitates communication between the parties to promote reconciliation, settlement or understanding among them. The mediator may suggest ways of resolving the dispute, but may not impose his own judgment on the issues for that of the parties.

2.      **Agreement of Parties.** Whenever the parties have agreed to a settlement conference or mediation, they shall be deemed to have made these rules, as amended and in effect as of the date of the submission of the dispute, a part of their agreement to have a settlement conference or mediation.

3.      **Consent to Mediator.** The parties consent to the appointment of the individual named as mediator in their case. The Mediator shall act as an advocate for resolution and shall use his or her best efforts to assist the parties in reaching a mutually acceptable settlement.

4.      **Conditions Precedent to Serving as Mediator.** The Mediator will only serve in cases in which the parties are represented by attorneys, unless directed otherwise by the District Court Judge. The Mediator shall not serve as a mediator in any dispute in which he or she has any financial or personal interest in the result of the settlement conference or mediation. Prior to accepting an appointment, the Mediator shall disclose any circumstance likely to create a presumption of bias or prevent a prompt meeting with the parties. In the event that the parties disagree as to whether the Mediator shall serve, the Mediator shall not serve.

5.      **Authority of Mediator.** The Mediator does not have the authority to decide any issue for the parties, but will attempt to facilitate the voluntary resolution of the dispute by the parties. The Mediator is authorized to conduct joint and separate meetings with the parties and to offer suggestions to assist the parties achieve settlement. If necessary, the Mediator may also obtain expert advice concerning technical aspects of the dispute, provided that the parties agree and assume the expenses of obtaining such advice. Arrangements for obtaining such advice shall be made by the Mediator or the parties, as the Mediator shall determine.

6.      **Commitment to Participate in Good Faith.** While no one is asked to commit to settle his case in advance of the mediation or settlement conference , all parties commit to participate in the proceedings in good faith with the intention to settle, if at all possible.

7.      **Parties Responsible for Negotiating Their Own Settlement Conference.** The parties understand that the Mediator will not and cannot impose a settlement in their case and agree that they are responsible for negotiating a settlement acceptable to them. The Mediator, as an advocate for the settlement conference or mediation, will use every effort to facilitate the negotiations of the parties. The Mediator does not warrant or represent that settlement will result from the settlement conference or mediation process.

8.      **Authority of Representatives. PARTY REPRESENTATIVES MUST HAVE AUTHORITY TO SETTLE AND ALL PERSONS NECESSARY TO THE DECISION TO SETTLE SHALL BE PRESENT, including a representative from an insurance company if an insurance company is involved in the decision-making process.** The names and addresses of such persons shall be communicated in writing to all parties and to the Mediator.

9.      **Time and Place of Settlement Conference.** The Mediator shall fix the time of each mediation or settlement conference session. The settlement conference or mediation shall be held at the office of the Mediator, or at any other convenient location agreeable to the Mediator and the parties, as the Mediator shall determine.

10.     **Identification of Matters in Dispute.** Prior to the first scheduled settlement conference or mediation session, each party shall provide the Mediator and all attorneys of record with a Confidential Settlement Conference or Mediation Information Sheet on the form provided by the Mediator setting forth its position with regard to the issues that need to be resolved.

At or before the first session, the parties will be expected to produce all information reasonably required for the Mediator to understand the issues presented. The Mediator may require any party to supplement such information.

11. **Privacy.** Settlement conference or mediation sessions are private. The parties and their representatives must attend settlement conference or mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the Mediator.

12. **Confidentiality.** Confidential information disclosed to a Mediator by the parties or by witnesses in the course of the settlement conference or the mediation shall not be divulged by the Mediator. All records, reports or other documents received by a mediator while serving in that capacity shall be confidential. The Mediator shall not be compelled to divulge such records or to testify in regard to the settlement conference or mediation in any adversary proceeding or judicial forum. Any party that violates this agreement shall pay all fees and expenses of the Mediator and other parties, including reasonable attorney's fees, incurred in opposing the efforts to compel testimony or records from the Mediator.

The parties shall maintain the confidentiality of the settlement conference or mediation and shall not rely on, or introduce as evidence in any arbitral, judicial or other proceeding: a) views expressed or suggestions made by another party with respect to a possible settlement of the dispute; b) admissions made by another party in the course of the settlement conference or mediation proceedings; c) proposals made or views expressed by the Mediator; or d) the fact that another party had or had not indicated willingness to accept a proposal for settlement made by the Mediator.

13. **No Stenographic Record.** There shall be no stenographic record of the settlement conference or mediation process.

14. **Termination of Settlement Conference.** The settlement conference or mediation shall be terminated: a) by the execution of a settlement agreement by the parties; b) by declaration of the Mediator to the effect that further efforts at the settlement conference or mediation are no longer worthwhile; or c) after the completion of one full settlement conference or mediation session, by a written declaration of a party or parties to the effect that the settlement conference or mediation proceedings are terminated.

15. **Exclusion of Liability.** The Mediator is not a necessary or proper party in judicial proceedings relating to the settlement conference or mediation. Neither Mediator nor any law firm employing Mediator shall be liable to any party for any act or omission in connection with any settlement conference or mediation conducted under these rules.

16. **Interpretation and Application of Rules.** The Mediator shall interpret and apply these rules.

17. **Fees and Expenses.** The parties shall agree upon the amount of Mediator's daily fee prior to the settlement conference or mediation and he shall be paid in advance of each settlement conference day. (There is no daily fee in a settlement conference or mediation performed by a U.S. Magistrate Judge.) The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the settlement conference or mediation, including fees and expenses of the Mediator, and the expenses of any witness and the cost of any proofs or expert advice produced at the direct request of the Mediator, shall be borne equally by the parties unless they agree otherwise.