**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| CADENCE BANK F/K/A BANCORPSOUTH BANK and CENTURY BANK, | § § § § | |
| Plaintiffs, | § § § | |
| | § | **Civil Action No. 4-23-cv-00609** |
| v. | § § | |
| BRIDGELINK ENGINEERING, LLC, COLE WAYNE JOHNSON, CORD HENRYJOHNSON, BIGHORN CONSTRUCTION AND RECLAMATION, L.L.C., BIGHORN SAND & GRAVEL LLC, AND BIGHORN INVESTMENTS AND PROPERTIES, LLC | § § § § § § § § § | |
| Defendants. | § § § | |

**ROCHELLE McCULLOUGH, LLP's LIMITED REPLY TO JUDGMENT DEBTORS'
RESPONSE IN OPPOSITION TO THE BANKS' "REQUEST" FOR APPOINTMENT
OF SUBSTITUTE RECEIVER AND FOR OTHER AMENDMENTS TO
THE EXISTING RECEIVERSHIP ORDER [DKT. NO. 287]**

TO THE HONORABLE JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE:

Rochelle McCullough, LLP, ("ROMC") counsel for Jason Rae and Kelly McCullough co-receivers (the "Receivers") duly appointed in the above-captioned proceeding respectfully submit this *Limited Reply to Judgment Debtors' Response in Opposition to the Banks' "Request" for Appointment of Substitute Receiver and for Other Amendments to the Existing Receivership Order* (the "Reply") and in support thereof would respectfully show the Court as follows:

1.      The Receivers file this Reply for the very limited purpose of clarifying an apparent misunderstanding and/or miscommunication, as between the Receivers and the Judgment Debtors, which has subsequently been reflected in the Judgment Debtors' *Response in Opposition to the Banks' "Request" for Appointment of Substitute Receiver and for Other Amendments to the Existing Receivership Order* (the "JD Response") [Dkt. No. 287] filed on January 14, 2026.

2.      On December 31, 2025, the Receivers filed their *Notice of Resignation* (the "Notice") [Dkt. No. 281], advising the Court that the Receivers had resigned from their position, effective December 30, 2025, in light of a "breakdown between the Receivers and the Plaintiffs in this case." Shortly thereafter, the undersigned counsel, Rochelle McCullough, filed an unopposed *Motion to Withdraw* [Dkt. No. 282], referencing the same "breakdown."

3.      In response, on January 6, 2026, the Plaintiffs filed their *Response to Receiver's Notice of Resignation and Plaintiffs' Joint Request to Substitute Receiver* [Dkt. No. 283] (the "Plaintiffs' Response"), wherein they sought appointment of a substitute receiver.

4.      Most recently, in the JD Response, the Judgment Debtors have alleged that the Plaintiffs' Response amounts to a (improper) request for affirmative relief and seeks to amend the existing Amended Receivership Order. Importantly, the Receivers take absolutely no position as it relates to this allegation, or the Plaintiffs' Response, in general. The Receivers do find it necessary, however, to correct a misunderstanding or miscommunication which has been attributed to the Receivers and/or their counsel in the JD Response.

5.      Specifically, the Judgment Debtors repeat – in several instances – that the Receivers and/or their counsel have either "indicated" or "explained" that the banks were "less than fully cooperative" and/or not "candid" in their communications with the Receivers. *See, e.g*, JD Response at pp. 1, 4. This is simply not true, and in email correspondence as recently as December

18, 2025, Receivers' counsel explained to Judgment Debtors' counsel that the banks had cooperated with all of the Receivers' requests to date.  *See* Exhibit A.



6.      Similarly, the Receivers previously provided two status reports to the Court – December 15, 2025, and December 30, 2025. As the Court is aware, nowhere in these status reports were issues with the Plaintiffs' cooperation or candor disclosed, because no such issues existed.

7.      As stated in the JD Response, the Judgment Debtors have indicated that they would like access to these status reports. Counsel for the Receivers', Mrs. Thomas, advised (more fully) as follows:



To be clear, the Receivers believe that it is entirely up to the Court to determine whether the status

reports should be made available to the parties and take no position either way.

8.      The Receivers and their counsel have endeavored to work cooperatively with both the Plaintiffs and the Judgment Debtors throughout this process, and hope the foregoing has clarified any misunderstanding or miscommunication which may have inadvertently been attributed to the Receivers and/or their counsel in the JD Response.

9.      The instant issue only reinforces the Receivers' (and counsels') desire to remove themselves from this proceeding entirely. Both the Plaintiffs and the Judgment Debtors are ably represented by very competent counsel, and there is no reason that they should not be able to work out the instant issues with the Court.

10.     As such, the Receivers would respectfully reiterate their request that the Court enter an order discharging them of their duties in this case, and further permit their counsel to withdraw. *See* Dkt. Nos. 281, 282.

Dated: January 14, 2026.

Respectfully submitted,

/s/ *Shannon S. Thomas*
Kevin D. McCullough
State Bar No. 00788005
Shannon S. Thomas
State Bar No. 24088442
Michael T. Pipkin
State Bar No. 24122988
Rochelle McCullough, LLP
901 Main Street, Suite 3200
Dallas, Texas 75202
Telephone: (214) 953-0182
Facsimile: (888) 467-5979
Email: kdm@romclaw.com
Email: sthomas@romclaw.com
Email: mpipkin@romclaw.com

-and-

Laura DuVall
IN State Bar No. 39518-49
Rochelle McCullough, LLP
300 N. Meridian Street
Suite 1260
Indianapolis, IN 46204
Telephone: (317) 348-5678
Facsimile: (888) 467-5979
lduvall@romclaw.com

COUNSEL FOR JASON RAE AND
KELLY McCULLOUGH, COURT
APPOINTED CO-RECEIVERS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on January 14, 2026, a copy of this document was electronically filed in this case with the Clerk of the United States District Court by using the CM/ECF system, a copy was served on the parties who receive notice via the Court's ECF notification system.

*/s/ Shannon S. Thomas*
Shannon S. Thomas