IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CADENCE BANK f/k/a BANCORPSOUTH BANK and CENTURY BANK, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No 4:23-CV-00609-P |
| BRIDGELINK ENGINEERING, LLC, COLE WAYNE JOHNSON, CORD HENRY JOHNSON, BIGHORN CONSTRUCTION AND RECLAMATION, L.L.C., BIGHORN SAND & GRAVEL LLC, BIGHORN INVESTMENTS AND PROPERTIES, LLC | § § § § § § § § § § | |
| Defendants. | § § | |

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER REGARDING RESIGNATION AND SUBSTITUTION OF RECEIVERS [ECF NO. 290]**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Cadence Bank f/k/a BancorpSouth Bank ("Cadence") and Century Bank ("Century") file this, Plaintiffs' Motion for Reconsideration of the Court's Order Regarding Resignation and Substitution of Receivers [ECF No. 290] (the "Order"), and Brief in Support Thereof, and for the reasons set forth below, Plaintiffs respectfully request that this Court reconsider its Order.

**SUMMARY**

This Court should reconsider its Order requiring the parties to confer and select three qualified candidates to serve as Receiver and for the Court to independently select the Receiver

1

because (1) Plaintiffs and Defendants agree that Plaintiffs' proposed substitute receiver, Andrew Korn, is competent and qualified to serve as receiver in this case, (2) other than objecting to qualification, Defendants are not and should not be entitled to select or have input in the selection of a receiver, and (3) immediate appointment of a substitute receiver is necessary to prevent dissipation of assets and fulfill the purpose of the Court's amended receivership order.

## ARGUMENTS & AUTHORITIES

**A.      The Court should immediately appoint Andrew Korn as substitute receiver because the Parties have already agreed that he is a competent and qualified receiver**

1.      The Order calls for unnecessary action.  There is no need to confer and submit a list of three qualified receivers, as the Parties have already agreed that Andrew Korn is a competent and qualified receiver for this matter.  Indeed, in their Response, Defendants admit that Mr. Korn is "**a competent and skilled Dallas attorney and is qualified to serve as a receiver**."[1]  ECF No. 287, p.3 (emphasis added).  In other words, Defendants do not and cannot oppose the appointment of Mr. Korn based on the law or his qualifications.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 64.021.  Because there is no question about Mr. Korn's qualifications, the Court should immediately appoint Mr. Korn as the substitute receiver.

2.      Plaintiffs further emphasize that the language of the Court's amended receivership order states that "Receivers' fee for serving as the Receivers in this Cause . . . **shall be payable by the applicants**, absent further order from this Court permitting alternative forms of payment."

---

[1] Mr. Korn's extensive experience serving as a receiver is listed in his CV, which is attached to Plaintiffs' Response to Receivers' Notice of Resignation and Plaintiffs' Joint Request to Substitute Receiver.  ECF No. 283.  Attached as **Exhibit A** to this Motion is a listing of Mr. Korn's experience in federal court and with complex business structures, both of which are also extensive.  Finally, Plaintiffs emphasize that the federal rules provide judgment creditors the enforcement tools available under the law of the state in which the court is located.  *See Hewlett-Packard Co. v. Quanta Storage, Inc.*, 961 F.3d 731, 735 (5th Cir. 2020) (citing FED. R. CIV. P. 69(a)(1); TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(b)(1); *see also Tareco Props., Inc. v. L&S Minerals, LLC*, No. 6:16-CV-482, 2017 WL 3414868, at *5 (E.D. Tex. Aug. 9, 2017).  Therefore, what is most relevant to the inquiry is Mr. Korn's experience as a receiver in Texas state court.

ECF No. 243, p.16 (emphasis added).  Contrary to the insinuations of Defendants, **it is Plaintiffs**, **not Defendants**, who are footing the bill for the receiver's fees.  To appoint a qualified receiver requested by Defendants would require Plaintiffs to pay for a receiver that Plaintiffs do not want or one that was hand-picked by Defendants.  This is an absurd result.  The equities in this case certainly do not support this possibility, and Plaintiffs should not have to choose between paying for a receiver they do not want and continuing with the receivership, which the Court has already concluded is necessary.  *See Ettorre v. Russo's Westheimer, Inc.*, 677 F. Supp. 3d 644, 647 (S.D. Tex. 2023) (noting that the appointment of a receiver is a procedural matter governed by federal law and *federal equitable principles*); *see also* ECF No. 243.  The purpose of a receivership is to aid Plaintiffs in recovering on a judgment, not aid Defendants in avoiding collection on the judgment.  *See Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 241 (5th Cir. 1997) (stating that a receivership is appropriate where a judgment creditor "seeks to set aside allegedly fraudulent conveyances by the judgment debtor," "had execution issued and returned unsatisfied," "proceeds through supplementary proceedings pursuant to Rule 69," "seeks to subject equitable assets to the payment of his judgment," or "is attempting to have the debtor's property preserved from dissipation until his claim can be satisfied" (citations omitted)).  Therefore, because the parties agree that Mr. Korn is competent and qualified, the Court should reconsider its Order and enter a new order immediately appointing Mr. Korn as the substitute receiver in this case.

**B.      Other than objecting to qualifications, Defendants should not have any input in the appointment of a particular receiver**

3.      The Order improperly permits Defendants to have input and potentially pick the receiver over their own assets.  This defies logic.

4.      Federal Rule of Civil Procedure 66 affords the District Court the power to appoint a receive to take possession of the **judgment debtor's** property for preservation.  FED. R. CIV. P.

66. Under Rule 66, the appointment of a receiver can be sought "by anyone showing an interest in certain property or a relation to the party in control or ownership thereof such as to justify **conservation of the property by a court officer**." *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 241 (5th Cir. 1997) (emphasis added). The very nature of a receivership is against the Judgment Debtors interest, because it is designed to collect assets to pay the judgment. Defendants have no interest in conserving any assets for collection by Plaintiffs or assets that may be discovered by the receiver. The receiver's interest is opposed to the Defendants' interest—the receiver seeks to disgorge; the Defendants seek to retain. Because their interests are diametrically opposed, the logical conclusion is the Defendant's should not get to hand pick, or have any influence, in who is in that position. Allowing Defendants to assist in the appointment of a receiver over their own assets is akin to allowing prisoners to choose the warden of the jail.

5.     The law on this issue is scant because it does not happen. Courts appoint receivers to aid Plaintiffs in collecting on the judgment, not assist Defendants in avoiding the judgment. Rather than aiding Plaintiffs in the collection of the judgment, it is highly probable that the Order will operate as an impediment to Plaintiffs' collection of the judgment. Accordingly, the Court should rescind its Order and enter a new order appointing Mr. Korn as substitute receiver.

**C.     Immediate appointment of a substitute receiver is necessary to prevent dissipation of assets**

6.     On October 22, 2025, this Court appointed Kelly McCullough and Jason Rae as receivers in this matter. ECF No. 231.

7.     On December 31, 2025, Mr. McCullough and Mr. Rae filed their Notice of Resignation. ECF No. 281.

8.      A new receiver is warranted immediately as the Defendants continue to enjoy a stay, without bond, of any meaningful enforcement of the judgment against them that is now nineteen (19) months old.

9.      The equities of this case weigh entirely in favor of the Plaintiffs, who are entitled to a substitute receiver now.[2]  Otherwise, the Court's judgment and other rulings have no meaning or force and effect.  The Order creates additional unnecessary delay, even though the parties have agreed that Mr. Korn is competent and qualified to serve as receiver.  Accordingly, the Court should rescind its Order and enter a new order appointing Mr. Korn as substitute receiver with all due haste.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Cadence Bank f/k/a BancorpSouth Bank and Century Bank pray that this Court reconsiders its Order Regarding Resignation and Substitution of Receivers, rescinds the Order, and immediately enters a new order appointing Andrew Korn as substitute receiver.  Plaintiffs further request all other relief, at law or in equity, to which they may be justly entitled.

---

[2] *See* ECF No. 253 for additional details establishing how the equities weigh heavily in favor of Plaintiffs.  Further, in response to Defendants' unpersuasive attempt to claim the moral high ground, see Plaintiffs' contemporaneously-filed Reply to Judgment Debtors' Response in Opposition to Plaintiffs' Joint Request to Substitute Receiver and for Other Amendments to the Existing Receivership Order and Rochelle McCullough, LLP's Limited Reply to Judgment Debtors' Response in Opposition to the Banks' "Request" for Appointment of Substitute Receiver and for Other Amendments to the Existing Receivership Order—both of which highlight Defendants' numerous misstatements and assertions without evidentiary support.  ECF Nos. 289, 291.

Respectfully submitted,

**HALEY & OLSON, P.C.**

By:   */s/ Blake Rasner*
Blake Rasner
Texas Bar No. 16555700
brasner@haleyolson.com
David Shaw
Texas Bar No. 24084641
dshaw@haleyolson.com
Marshall Grant Jones
Texas Bar No. 24131891
Grant.jones@haleyolson.com
Rick R. Bradley
Texas Bar No. 24059479
rbradley@haleyolson.com

100 N. Ritchie Rd., Suite 200
Waco, Texas 76712
Telephone:  (254) 776-3336

**ATTORNEYS FOR CADENCE BANK**

and

**OTTESON SHAPIRO LLP**

John C. Leininger
Texas Bar No. 24007544
jcl@os.law

4851 Lyndon B. Johnson Freeway, Suite 650
Dallas, Texas 75204
Telephone:  (214) 619-8325

**ATTORNEY FOR CENTURY BANK**

6

**CERTIFICATE OF CONFERENCE**

I hereby certify that on January 16, 2026, I conferred with Defendants' Counsel by email regarding this Motion.  Defendants' counsel did not respond to my request for their position on this Motion.  Plaintiffs presume that Defendants are opposed to this Motion.

/s/ *Rick R. Bradley*
Rick R. Bradley

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 16th day of January, 2026, a true and correct copy of the foregoing instrument has been forwarded to all counsel of record by means of the Court's electronic filing system, in accordance with the Federal Rules of Civil Procedure.

/s/ *Blake Rasner*
Blake Rasner

7