# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CADENCE BANK f/k/a BANCORPSOUTH BANK and CENTURY BANK, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No 4:23-CV-00609-P |
| BRIDGELINK ENGINEERING, LLC, COLE WAYNE JOHNSON, CORD HENRY JOHNSON, BIGHORN CONSTRUCTION AND RECLAMATION, L.L.C., BIGHORN SAND & GRAVEL LLC, BIGHORN INVESTMENTS AND PROPERTIES, LLC | § § § § § § § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S SUPPLEMENT TO AMENDED MOTION FOR SANCTIONS (ECF NO. 253) AND BRIEF IN SUPPORT THEREOF**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Cadence Bank f/k/a BancorpSouth Bank files this, its Supplement to the Amended Motion for Sanctions (ECF No. 253), and Brief in Support thereof, and for good cause would respectfully show the Court the following:

**SYNOPSIS**

Since this Court entered its Judgment, Defendants and their counsel at KMD have completely failed to comply with post-judgment collection efforts of the Plaintiff with impunity.[1]

---

[1] The law firm of Kearney, McWilliams, and Davis, PLLC ("KMD") represented Defendants throughout the referenced noncompliance. KMD has since filed a motion to withdraw (ECF No. 295), which Plaintiffs objected to (ECF No. 302). Plaintiff maintains that the Court should rule on all sanctions motions before allowing KMD to withdraw, as KMD's participation in Defendants noncompliance needs to be assessed and, if necessary, punished while they are still part of the case.

**PLAINTIFF'S SUPPLEMENT TO**
**AMENDED MOTION FOR SANCTIONS (ECF NO. 253)**    Page **1** of 9

Plaintiff files this Supplement to the previously Court Ordered Amended Motion for Sanctions (ECF No. 253)[2] to provide the Court with: (1) additional support for holding Defendants and KMD accountable for their sanctionable and contemptuous actions; and (2) an alternative remedy for Defendants' and KMD's bad actions.  For the reasons explained below, this Court should: (1) assess a $50,000 fine against Cole Wayne Johnson and Cord Henry Johnson, jointly and severally, to be paid *instanter*; (2) award Plaintiffs a judgment of attorneys' fees and costs of at least $50,000 against the Johnsons and KMD[3], jointly and severally, for past contemptuous behaviors, the same to be paid *instanter* and the failure to pay enforceable by contempt; (3) strike all personal-property and homestead exemptions of Cole Wayne Johnson and Cord Henry Johnson  and permanently bar Cord Wayne Johnson and Cord Henry Johnson from asserting any exemptions in this matter; and (4) allow Plaintiff to resume its deposition of Cole Johnson and to depose Cord Johnson in the courtroom concurrently with the Receiver before March 20, 2026.[4]

## APPLICABLE BACKGROUND

On November 17, 2025, this Court ordered Plaintiff to file an Amended Motion for Sanctions and Contempt, ECF No. 252, as a result of Defendants' and their counsels' continued failure to comply with the Court's various post-judgment discovery Orders requiring the

---

[2] The amended motion speaks for itself and contains a more detailed history of Defendants' and KMD's sanctionable conduct throughout this litigation.

[3] As stated in Plaintiff's Response and Motion for Disgorgement, KMD orchestrated the delay and obstruction that has occurred throughout this case and have likely received unauthorized distributions from the Johnsons' entities as payment for legal fees; therefore, KMD has not established good cause for their withdrawal from this case. Furthermore, because KMD seeks to withdraw from this case without repercussions for its repeated contemptuous behavior, and because KMD likely received unauthorized distributions as payment for legal fees, *see* ECF Nos. 275, 279, 285, 286, 300, 301, Plaintiffs re-assert their Motion for Sanctions against KMD.  ECF No. 302.

[4] Since Cole Johnson's deposition on November 7, 2025 in the courtroom, Plaintiff has identified multiple topics that it needs to explore based on the "data dump" referenced herein and Cole and Cord's inadequate and incomplete monthly reports made pursuant to the Court's Amended Receivership Order—all of which Plaintiff obtained after the deposition.  Plaintiff's request to resume the deposition of Cole and commence the deposition of Cord does not, in any way, waive its right to the missing documents listed herein or its request to sanction Defendants and KMD.

production of all outstanding post-judgment discovery. To date, there still has not been complete compliance by Defendants and their counsel. *See id.*

Plaintiffs jointly filed their Amended Sanctions Motion on November 21, 2025, ECF No. 253, in compliance with the Court's Order.  Defendants and Defendants' counsel separately filed their respective Responses to the Amended Sanctions Motion on December 1, 2025. (ECF No. 265, 268, 269). Plaintiffs filed their Reply in Support of the Sanctions Motion on December 4, 2025. ECF No. 271.

Plaintiffs' Amended Sanctions Motion is replete with references to the Defendants' sanctionable conduct, both pre-judgment and continuing post-judgment.[5]  ECF No. 253.  Plaintiffs' Amended Sanctions Motion provides a full and detailed history through the years of litigation as to the sanctionable and contemptuous actions of the Defendants, and shows the Court the waste of time, fees, and costs incurred by the Plaintiffs in dealing with this persistent specious conduct. This supplement provides the Court with an update on Defendants' noncompliance and gives additional ammunition to enforce and coerce compliance with its Orders.

## ARGUMENTS & AUTHORITIES

The Court is well aware of the Defendants' and KMD's repeated actions which show their complete disregard for this Court's authority and its orders,[6] and which are solely calculated to render this Court's summary judgment in favor of Cadence and Century Bank uncollectable. Indeed, the Court has seen Defendant Cole Johnson's evasive – and frankly ridiculous - tactics

---

[5] On June 21, 2024, this Court granted Plaintiffs' Application for Attorney's Fees and awarded Plaintiffs $580,178.10 in reasonable attorney's fees and costs to be paid within thirty days of June 21, 2024.  *Id.*  Defendants have not paid anything to Plaintiffs pursuant to this Order.  Defendants' non-compliance with this Court's June 21, 2024 Order serves as yet another basis for sanctions.  *See Waste Mgmt. of Wash., Inc. v. Kattler*, 776 F.3d 334, 341 (5th Cir. 2015); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 562 (5th Cir. 2005); *FDIC v. LeGrand*, 43 F.3d 163, 168 (5th Cir. 1995).

[6] This Court has issued 4 Show Cause Orders, yet Defendants and their counsel at KMD have never "shown cause" of anything but their contempt of this Court.

**PLAINTIFF'S SUPPLEMENT TO**
**AMENDED MOTION FOR SANCTIONS (ECF NO. 253)**                                        Page **3** of **9**

firsthand during his deposition in the courtroom, in which he refused to give straight answers to such basic facts as the spelling of the street he lives on, the name of his bank and banker, etc. The list of misdeeds is too long to repeat here, and the Amended Motion to which this supplement is filed need not be restated. What is clear is that Defendants' and KMD's actions, inactions, repeated defaults, and refusal to comply with Court Order or the Rules, were calculated to avoid being responsive or compliant. The game plan is simple: play dumb long enough, in hopes that Plaintiffs, and the Court will be credulous enough, and tired enough, to simply give up. Defendants and their counsel should not be rewarded for this dishonest and disingenuous behavior. Rather, they must be sanctioned. In this case, only the strongest of sanctions will get their attention and result in compliance with this Court's orders and the rules.

Compliance with the Court's Orders is ultimately the responsibility of not only Defendants Cord and Cole Johnson, but their counsel, KMD, who are officers of the Court.[7] Counsel have thumbed their nose at the Rules, Code of Ethics, and this Court for which they must be sanctioned. The Court has already found that the Defendants have failed to comply with the many post-judgment Orders, including the Court's Minute Order (ECF No. 246), which required Defendants to produce to Plaintiffs all outstanding discovery. As detailed in Plaintiffs' Amended Motion for Sanctions, this has not been done.[8] Therefore, it is imperative to impose sanctions to get the attention of Defendants Cole and Cord Johnson, and their counsel, because up until now, nothing has.

---

[7] The Court has found Defendant, and their counsel's behavior "concerning" and "has no place in this Court." *See* ECF No. 105.

[8] It remains true that Defendants have not produced documents responsive to the majority of Plaintiffs' RFPs. The new information Plaintiffs have received since Plaintiffs filed their Amended Motion for Sanctions are the monthly reports that Cole and Cord are required to file under the Amended Receivership Order.

This Court has complete discretion to sanction the Judgment Debtors as necessary to punish Defendants for numerous discovery abuses and to ensure compliance with its Orders. A court may exercise its inherent authority to sanction as necessary to deter, alleviate, or counteract a bad-faith abuse of the judicial process.[9] *See Amarillo Med. Specialists, LLP v. AKOS MD IPA, LLC*, No. 2:23-CV-026-Z-BR, 2026 WL 280476, at *10 (N.D. Tex. Feb. 3, 2026); *Sully v. Freeman*, No. 1:16-CV-818-RP, 2016 WL 9451356, at *1 (S.D. Tex. Dec. 6, 2016).

It is time for the Court to use its broad authority without further delay.  Defendants' long history of discovery abuse, delay, and obstructionist tactics detailed in Plaintiffs' Amended Motion for Sanctions, which is still true today, is evidence of bad faith.[10]  *See In re Hecker*, 264 Fed. Appx. 786, 791 (11th Cir. 2008) ("A party demonstrates bad faith by delaying or interrupting the litigation or by hampering enforcement of a court order."); *Haeger v. Goodyear Tire & Rubber Co.*, No. CV-05-02046-PHX-ROS, Order at p. 60 [Doc. 1073] (D. Ariz. Nov. 8, 2012) ("[Defendant and Counsel] decided to make no effort to provide responsive documents.  That decision is evidence that [Defendant and Counsel] were not operating in good faith.").

To hold a party in civil contempt, the court need only find a violation of a court order by clear and convincing evidence.  *Waste Mgmt. of Wash., Inc. v. Kattler*, 776 F.3d 336, 341 (5th Cir. 2015).  The Court has *already* recognized that Defendants have failed to fully comply with its

---

[9] Federal Rule of Civil Procedure 37(b)(2) provides an alternate avenue for sanctioning Defendants, allowing, among other things, the Court to prohibit Defendants as the disobedient parties from supporting or opposing designated claims or defenses, which would include the striking of exemptions.  FED. R. CIV. P. 37(b)(2).

[10] *See James N. Gray Co. v. Airtek Sys., Inc.*, No. Civ.A.05-399-JBC, 2006 WL 196968, at *3 (E.D. Ky. Jan. 24, 2006) (noting that courts normally expect defendants to pay any judgment without Plaintiff having to resort to asset discovery); *accord Denton v. Denton*, 147 So. 2d 545, 547 (Fla. App. 1962) ("The plaintiff as well as the defendant must honor the orders and judgments of the court . . . ."); *cf. Integrated Control Sys. v. Ellcon-Nat'l, Inc.*, No. Civ.3:00CV1295(PCD), 2003 WL 23508132, at *2 n.2 (D. Conn. Aug. 17, 2003) ("This Court expects the complete cooperation of plaintiff in defendant's collection efforts and will respond harshly to any actions perceived as stonewalling . . . .").

Orders. (ECF No. 252). Because of this recognition, Defendants should be sanctioned and/or held in contempt.[11]

Furthermore, the Court must vindicate its authority and bring Defendants back into compliance. The Court cannot be expected to function if those who come before it disregard its judgments and decrees. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994) (noting that for a court to function successfully it must be able to: (1) manage its proceedings; (2) vindicate its authority; and (3) effectuate its decrees). Once an order has been signed, "courts are not reduced to 'hoping for compliance.'" *United States v. City of Jackson*, 318 F. Supp. 2d 395, 418 (S.D. Miss. 2002). Therefore, the Court is required to punish Defendants for willfully disobeying this Court's discovery orders, especially the Minute Order [ECF No. 246].[12]

Defendants' intentional, disingenuous and evasive actions, and complete disrespect for this Court's orders, warrants imposition of meaningful monetary and non-monetary sanctions for effective deterrence and punishment.[13] *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 292 (2d

---

[11] To prove that Defendants should be sanctioned for acts of contempt, Plaintiff needs only show, by clear and convincing evidence, that: (1) a court order was in effect; (2) the order required certain conduct by the respondent; and (3) the respondent failed to comply with the court's order. *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000).

[12] *See Elof Hansson Paper & Bd., Inc. v. Caldera*, No. 11-20495-CV-WILLIAMS, 2013 WL 12093241, at *13 (S.D. Fla. June 4, 2013) ("[C]ourts must be concerned about public perceptions regarding their integrity . . . . Use of the ultimate sanction not only prejudice suffered by the opposing litigants, but also vindicates the judicial system as a whole, for such misconduct threatens the very integrity of courts, which otherwise cannot command respect if they cannot maintain a level playing field amongst participants." (internal citations & quotations omitted)); *see also Eagle Hosps Physicians, LLC v. SRG Consulting, Inc.*, 2007 WL 2479290, at *3 (N.D. Ga. Aug. 28, 2007) (defining fraud on the court as "where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." (internal citations & quotations omitted)).

[13] The purpose of discovery sanctions is threefold: (1) to ensure that a party will not benefit from its failure to comply; (2) to obtain compliance with the Court's orders; and (3) to deter noncompliance, both in the particular case and in litigation in general. *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 673 F. Supp. 3d 345, 353-54 (S.D.N.Y. 2023); *Bradshaw v. Vilsack*, 286 F.R.D. 133, 142 (D.D.C. 2012) ("The Court's legitimate interest in imposing a sanction is not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."); *see also Cire v. Cummings*, 134 S.W.3d 835, 841 (Tex. 2004) (sanctions are used to punish those who violate the rules); *Johnson v. Chesnutt*, 225

Cir. 2021) (affirming the assessment of monetary and non-monetary sanctions against an attorney and his law firm and noting that non-monetary sanctions serve "to ensure ethical conduct before the courts"); *Cire v. Cummings*, 134 S.W.3d 835, 841 (Tex. 2004) (concluding that plaintiff's actions and statements made it clear that monetary sanctions would not be effective); *Masi v. Steely*, 242 F.R.D. 278, 286 (S.D.N.Y. 2007) (assessing a non-monetary sanction after concluding that monetary sanctions were meaningless because the Defendant never intended to pay). Doing nothing will only embolden Defendants to continue with their contemptuous actions.

As a monetary sanction, this Court should impose a $50,000 fine against Cole and Cord Johnson, jointly and severally, to be paid *instanter*. Plaintiff further requests, as a monetary sanction for past contemptuous behaviors, judgment for their attorneys' fees and costs of at least $50,000 against Cole and Cord Johnson and KMD, jointly and severally, to be paid *instanter*, failing which the Defendants and KMD should be held in contempt. Additionally, as a non-monetary sanction, this Court should strike all personal-property and homestead exemptions and permanently bar Cole and Cord Johnson from asserting any exemptions. *See In re Hogan*, 214 B.R. 882, 886 (Bankr. E.D. Ark. 1997).[14] The Court should also allow Plaintiff to resume its deposition of Cole Johnson and to depose Cord Johnson in the courtroom concurrently with the

---

S.W.3d 737, 742 (Tex. App.—Dallas 2007, pet. denied) ("Sanctions serve a variety of purposes, including the compensation of a party for past prejudice or punishment and deterrence of bad faith conduct.").

[14] The Court in *Hogan* noted, in a case where the debtor converted valuable non-exempt assets to exempt assets to hinder, delay, and defraud creditors, as a "sanction for dishonesty and fraud with regard to creditors, or improperly claiming exemptions, Courts not only deny discharge, but also sustain objections to exemptions, strike amendments, and refuse to permit amendments to the exemptions." 214 B.R. 882, 886 (Bankr. E.D. Ark. 1997) (citing *In re Talmo*, 185 B.R. 637, 644-45, 649 (Bankr. S.D. Fla. 1995)); *see also The Colony Assets Dev., L.L.C. v. Am. Nat'l Dev., L.P.*, No. DC-09-00877 (134th Judicial District Court, Dallas County) (Order Granting Receiver's Motion for Sanctions Against Judgment Debtor William "Bill" Baldwin) (imposing as a sanction that none of the judgment-debtor's property is exempt from execution or levy).

Receiver before March 20, 2026. Defendants have gotten away with this charade for far too long.

Justice demands action, and that includes the striking of their exemptions.

## CONCLUSION & PRAYER

Because of the long, documented history of discovery abuse of Defendants and KMD, this

Court should impose the following sanctions:

- A $50,000 fine against Cole Wayne Johnson and Cord Henry Johnson, jointly and severally, to be paid *instanter*;

- An award of $50,000 in attorneys' fees paid Plaintiffs by Cole Wayne Johnson, Cord Henry Johnson, and KMD, jointly and severally, to be paid *instanter*;

- Striking of all personal-property and homestead exemptions of both Cole Wayne Johnson and Cord Henry Johnson, and permanently barring Cole Wayne Johnson and Cord Henry Johnson from asserting any exemptions as a sanction for their continued recalcitrance and failure to comply with numerous orders of this Court, including this Court's Minute Order-Deposition [ECF No. 246]; and

- Set dates for the deposition of Cole Wayne Johnson and Cord Henry Johnson in the courtroom (concurrently with the Receiver) before March 20, 2026, and all other relief, both in law and in equity, to which they may be entitled.

Plaintiff further requests that the Court set Plaintiffs' Amended Motion for Sanctions for a

hearing at the Court's earliest convenience.

Respectfully submitted,

**HALEY & OLSON, P.C.**

By:   _/s/ Blake Rasner_____
Blake Rasner
Texas Bar No. 16555700
brasner@haleyolson.com
David Shaw
Texas Bar No. 24084641
dshaw@haleyolson.com
Marshall Grant Jones
Texas Bar No. 24131891
Grant.jones@haleyolson.com
Rick R. Bradley
Texas Bar No. 24059479
rbradley@haleyolson.com

100 N. Ritchie Rd., Suite 200
Waco, Texas 76712
Telephone:  (254) 776-3336

**ATTORNEYS FOR CADENCE BANK**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of February, 2026, a true and correct copy of the foregoing instrument has been forwarded to all counsel of record by means of the Court's electronic filing system, in accordance with the Federal Rules of Civil Procedure.

_/s/ Blake Rasner_
Blake Rasner